UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SEATON INSURANCE CO.,              :
et al.                             :
                                   :
          v.                       :      C.A. No. 09-516S
                                   :
CLEARWATER INSURANCE               :
CO.                                :

### REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

      This is a dispute between insurance companies regarding their respective rights and obligations under certain reinsurance contracts. Pending before the Court for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72) is Defendant's Motion to Dismiss or Stay. (Document No. 9). Plaintiffs oppose the Motion. (Document No. 12). A hearing was held on February 3, 2010. For the following reasons, I recommend that Defendant's Motion be DENIED.

      **Background**

      On May 14, 2009, Defendant filed suit against Plaintiffs in Connecticut Superior Court. See Clearwater Ins. Co. v. Stonewall Ins. Co. and Seaton Ins. Co., Docket No. FST-CV-09-4016468-S (Conn. Super. Ct. at Stamford). In that case, Defendant seeks a declaratory judgment that it is not obligated to pay the amounts claimed by Plaintiffs under two particular reinsurance contracts issued by Defendant. See Document No. 9-3.

      On October 26, 2009, Plaintiffs initiated this diversity action against Defendant seeking to obtain sums allegedly owed to them by Defendant under thirteen reinsurance contracts including the two contracts (Policy Nos. 0835 and 3329) which are the subject of the Connecticut Superior Court

case. (Document No. 1). Defendant responded to Plaintiffs' Complaint with the instant Motion to Dismiss or Stay filed on December 14, 2009. Defendant contends that this Court should exercise its discretion under <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995), and <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976), to abstain from hearing this state-law reinsurance dispute in favor of the first-filed Connecticut case raising the same coverage issues. (Document No. 9 at p. 1). It argues that abstaining would prevent Plaintiffs from thwarting Defendant's good faith choice of forum and making an impermissible end-run around the statutory deadline for federal removal under 28 U.S.C. § 1446 because Plaintiffs could have, but did not, remove the Connecticut case from state to federal court.

**Discussion**

In addition to competing lawsuits, this dispute involves competing motions to dismiss or stay. Less than a week before Defendant moved to dismiss or stay this case, Plaintiffs moved to dismiss or stay the Connecticut Superior Court case in favor of this case. On January 19, 2010, the Connecticut Superior Court heard argument on Plaintiffs' Motion to Dismiss or Stay. On January 20, 2010, the Connecticut Superior Court, Judge Edward Karazin, issued an Order granting Plaintiffs' Motion to Stay the Connecticut case. (Document No. 17-2). Although Judge Karazin did not render a written decision, he plainly considered and rejected the same forum-shopping arguments made by Defendants in this case (<u>see</u> Document No. 14-2) and accompanied his Order with the notation that "the federal court is the better forum." (Document No. 17-2 at p. 2).

In view of this development, Defendant withdrew its request for a stay in this case and focused on its argument that this Court should dismiss Plaintiffs' Complaint without prejudice on abstention grounds. In particular, it argues that this Court should not "reward" Plaintiffs' blatant

forum-shopping tactics and allow this second-filed action to trump its properly-filed Connecticut case.

While Defendant's forum-shopping arguments are appealing and supported by the record, the present posture of this dispute weighs heavily against Defendant's position in practical terms. After considering the same competing arguments presented to this Court, Judge Karazin stayed the Connecticut case in favor of this case presumably because this case involved the same parties and the same reinsurance coverage disputes, but encompassed a larger number of the disputed reinsurance contracts (two v. thirteen). Thus, Defendant is effectively asking this Court to dismiss this federal court case out of deference to a narrower state court case which has been stayed. Frankly, that makes no practical sense.

Defendant argues for dismissal under the abstention doctrines established by the U.S. Supreme Court in Colorado River and Wilton. In Colorado River, 424 U.S. at 817-818, the Supreme Court held that a federal court may, in "exceptional circumstances," exercise its discretion to abstain when there is a parallel proceeding pending in state court. Given the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," abstention under Colorado River is limited to "exceptional circumstances" and the Court's discretion should be "heavily weighted against dismissal." Rio Grande Comm. Health Ctr, Inc. v. Rullan, 397 F.3d 56, 71 (1st Cir. 2005). In applying Colorado River abstention, the Court must balance a number of factors including:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

-3-

Id. at 71-72.  Nearly twenty years after it decided <u>Colorado River</u>, the Supreme Court in <u>Wilton</u>, 515

U.S. at 286, held that the stringent <u>Colorado River</u> exceptional circumstances test did not apply in

the context of declaratory judgment actions brought under 28 U.S.C. § 2201.  Rather, the Supreme

Court concluded that a "more forgiving, discretionary standard governs a district court's decision

to stay or dismiss a declaratory action, consistent with the Declaratory Judgment Act."  <u>Standard</u>

<u>Fire Ins. Co. v. Gordon</u>, 376 F. Supp. 2d 218, 223 (D.R.I. 2005).

　　　　Although Plaintiffs invoke the Declaratory Judgment Act (28 U.S.C. § 2201) in Counts III

and IV of their Complaint, Counts I and II are state law breach of contract claims seeking monetary

damages.  (Document No. 1).  Defendant seeks dismissal of Plaintiffs' entire Complaint and not just

the Declaratory Judgment counts, and, in any event, it would make no sense in this case for it to

argue otherwise since the breach of contract and declaratory judgment claims are inherently

intertwined.  Thus, this is not a <u>Wilton</u> case and the more stringent <u>Colorado River</u> abstention test

should be applied.

　　　　Applying the <u>Colorado River</u> factors, Defendant has simply not made a sufficiently

compelling showing that would support dismissal on abstention grounds.  Although the Connecticut

case was first-filed, "the question of priority was meant to be looked at in a pragmatic flexible

manner, with a view to the realities of the case at hand and should focus on how much progress has

been made in the two actions." <u>Rio Grande</u>, 397 F.3d at 72 (internal quotations omitted).  Here, both

cases are in their infancy and the Connecticut case has been stayed because Judge Karazin concluded

that "the federal court is the better forum."  (Document No. 17-2).

　　　　Since the primary purposes underlying <u>Colorado River</u> abstention are to avoid duplicative

litigation and to promote comity by allowing state  courts to resolve disputes arising under state law,

the Connecticut Superior Court's decision to stay its case in favor of this federal case guts Defendant's abstention argument.  Further, Defendant has not provided the Court with any legal authority which would support abstention on these facts.  Defendant is asking this Court to relinquish its subject matter jurisdiction under 28 U.S.C. § 1332 but has provided no "exceptional circumstances" for doing so in this case.  There is no risk of duplicative litigation since Judge Karazin has stayed the Connecticut case.  Defendant contends that Judge Karazin's intent in staying his case is ambiguous and it is possible that he was simply putting his case on hold until the instant Motion was decided by this Court.  However, if that was his intent, he could have simply deferred ruling on the motion in his case until this Court ruled on the instant motion.  He did not.  A review of the briefs presented to Judge Karazin, his Order granting the stay requested by Plaintiffs, and his stated rationale that "the federal court is the better forum," makes absolutely clear that his intent was to stay the Connecticut case in its entirety and allow the parties to litigate their pending reinsurance disputes in this forum.  Under these unique circumstances, Defendant has simply not overcome the "heavy presumption favoring the exercise of jurisdiction" by a federal court.  Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 13 (1st Cir. 1990).

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss or Stay (Document No. 9) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-

Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605

(1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 4, 2010