UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                       )
SEATON INSURANCE COMPANY (f/k/a UNIGARD )
MUTUAL INSURANCE COMPANY) and STONEWALL )
INSURANCE COMPANY,                     )
                    Plaintiffs,        )
                                       )
     v.                                )    C.A. No. 09-516 S
                                       )
CLEARWATER INSURANCE COMPANY (f/k/a    )
SKANDIA AMERICA REINSURANCE CORPORATION))
                                       )
                    Defendant.         )
_____)


**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

I.   Introduction

     The narrow issue before this Court is whether abstention is
appropriate because a related case, first-filed by Defendant
Clearwater Insurance Co. ("Clearwater" or "Defendant") against
Plaintiffs Seaton Insurance Co. and Stonewall Insurance Co.
("Seaton" and "Stonewall" or collectively "Plaintiffs")
regarding two reinsurance agreements, is stayed in Connecticut
Superior Court.  Defendant moves to dismiss or stay Plaintiffs'
claims in this Court, arguing for abstention.  The Court
referred the matter to Magistrate Judge Lincoln Almond, who
issued a Report and Recommendation ("R&R") that this Court deny

Defendant's motion.    For the reasons discussed below, the Court

agrees with the R&R that the motion should be denied.

II.  Background

In May 2009, Clearwater filed a declaratory judgment action

against Plaintiffs in Connecticut Superior Court, arguing there

was   no   coverage   for   losses   Seaton   and   Stonewall   incurred

regarding certain asbestos-related claims.    See Clearwater Ins.

Co. v. Stonewall Ins. Co. and Seaton Ins. Co., Docket No. FST-

CV-09-4016468-S (Conn.  Super.  Ct.  at  Stamford).    Five  months

later, Seaton and Stonewall filed their own complaint in federal

court  on  the  basis  of  diversity  jurisdiction,  seeking  monetary

relief  for  Clearwater's  alleged  breaches  of  contract  and  a

declaration  of  the  respective  rights  and  obligations  of  the

parties.    Plaintiffs'  claims  involve  the  same  two  reinsurance

contracts  at  issue  in  the  Connecticut  matter;  however,  they  also

raise  claims  under  eleven  additional  contracts  between  the

parties.

In  Connecticut,  Seaton  and  Stonewall  filed  a  motion  to

dismiss or stay, arguing that the less complex state case should

yield  to  the  later-filed  federal  case.    Judge  Karazin  of  the

Connecticut  Superior  Court  agreed  and  stayed  the  case,  stating

in his Order that "the federal court is the better forum."  (See

R&R  at  2,  C.A.  No.  09-516,  EFC  No.  18,  Feb.  4,  2010.)

Clearwater then filed a motion to stay or dismiss the federal court action, and the R&R recommends that it be denied.

III. Standard of Review

The parties dispute whether the Court must conduct a de novo review of the R&R or merely determine whether it was "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). The debate is academic, because Clearwater's objection targets the legal framework Judge Almond selected for the abstention analysis. Even the "clearly erroneous" standard established by 28 U.S.C. § 636(b)(1)(A) for non-dispositive decisions by a magistrate judge requires de novo review of "the magistrate judge's legal conclusions." Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The Court therefore reviews the legal issues governing the question of abstention de novo.

IV. Analysis

Judge Almond concluded that Clearwater failed to demonstrate the "exceptional circumstances" necessary to justify abstention under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). Abstention, Colorado River stressed, "is the exception, not the rule," and federal courts should therefore hesitate to relinquish jurisdiction. Id. Judge Almond determined that Clearwater could not show a sufficiently compelling reason to abstain pursuant to the

Colorado River factors,[1] and moreover that there was no risk of duplicative litigation because the Connecticut action had been stayed.

Clearwater appears to concede that it cannot show any "exceptional circumstances" that would call for abstention under Colorado River. However, it objects that Judge Almond chose the wrong legal test for this dispute. The correct rule, it insists, appears in Wilton v. Seven Falls Co., 515 U.S. 277 (1995), which sets forth a "more forgiving, discretionary standard" for actions in which the litigant seeks relief under the Declaratory Judgment Act. Standard Fire Ins. Co. v. Gordon, 376 F. Supp. 2d 218, 223 (D.R.I. 2005) (discussing the Wilton standard). In those cases, unlike with the "exceptional circumstances" rule of Colorado River, the federal court retains "broad discretion" to abstain. Wilton, 515 U.S. at 281. Because the case involves "inherently intertwined" claims for

---

[1] In applying Colorado River, the Court must balance a number of non-exclusive factors, including:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

Rio Grande Comty. Health Ctr. V. Rullan, 397 F.3d 56, 71-72 (1st Cir. 2005).

declaratory relief and damages (see R&R at 4), Clearwater

reasons that Wilton, and not Colorado River, should control the

inquiry.

This brings the Court to the present dilemma: it is well-

settled that there is a more lenient abstention standard for

declaratory claims, which fall under Wilton, than for so-called

"coercive" claims seeking damages or injunctive relief, which

fall under Colorado River.[2]   Which, then, of the conflicting

standards applies when an action presents both types of claims?

The parties expend much energy briefing this question, but it

ultimately matters little.   As fully explained below, even under

the standard most favorable to Clearwater, Judge Almond reached

the correct conclusion.

To be sure, the Court might choose from among a range of

methods adopted by various federal courts to tackle the problem.

Presented with mixed coercive and declaratory claims in Rossi v.

Gemma, 489 F.3d 26 (1st Cir. 2007), the First Circuit opted for

a surgical approach, conducting a separate abstention analysis

for each claim.   It first found that abstention was proper for

the plaintiff's § 1983 claims under the doctrine set forth in

---

[2] While not critical to this dispute, it is also true that
within the "coercive" category, there is a more limited remedy
for legal claims, as opposed to injunctive claims.    In
Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 718 (1996), the
Supreme Court stated that while federal courts may dismiss or
remand in equitable cases, "those principles do not support the
outright dismissal or remand of damages actions."   Id. at 707.

Younger v. Harris, 401 U.S. 37 (1971).  See Rossi, 489 F.3d at 38.   Next, it considered whether to abstain from hearing Plaintiffs' state law claims for declaratory relief and damages. The Court stated that Colorado River did not apply to Plaintiffs' request for a declaratory judgment, and affirmed that it was within the district court's discretion to dismiss the claim under the Wilton standard.  Id. (citing Wilton, 515 U.S. at 288-89).  As for the legal claims, Rossi left no doubt that the defendant would have to satisfy the more demanding Colorado River test to demonstrate that abstention was appropriate.   However, it elected to "bypass" the abstention analysis altogether, because it found the district court had properly declined to exercise supplemental jurisdiction over the state damages claims.  Id. at 39.

There are also many formulas other than Rossi's disentanglement technique.  Some decisions appear to create a presumption in favor of using Wilton to assess mingled declaratory and coercive claims.  See ITT Indus., Inc. v. Pacific Emp'rs Ins. Co., 427 F. Supp. 2d 552, 557 (E.D. Pa. 2006) ("To apply the Colorado River standard to actions containing both declaratory judgment and coercive claims without an analysis of the facts at hand would be to ignore the Supreme Court's specific recognition that declaratory judgment actions necessitate a different treatment than other types of cases.")

6

At the other end of the spectrum, some courts find that the Wilton discretionary standard is per se supplanted by the harsher Colorado River test whenever an action includes both declaratory and non-frivolous coercive claims.  See Kelly Inv., Inc. v. Cont'l Common Corp., 315 F.3d 494, 497 n.4 (5th Cir. 2002) (applying Colorado River standard to all claims); Village of Westfield, N.Y. v. Welch's, 170 F.3d 116, 124 n.5 (2d Cir. 1999) (applying Colorado River standard to all claims). Somewhere in the middle fall cases that seek to discern the "essence" of the matter.  See Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008) ("essence" of the case was declaratory judgment); see also ITT Indus., 427 F. Supp. 2d at 557 (deciding that the "heart" of a case that required interpreting an insurance contract was an action for declaratory relief).   Still other courts proclaim that jurisdiction is discretionary for declaratory claims and mandatory for legal claims – subject to Colorado River constraints – if the legal claims can exist independently of requests for declaratory relief.  See United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1112 (9th Cir. 2001) (quoting Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1167-68 (9th Cir. 1998)); R.R. Street & Co. v. Vulcan Materials Co., 569 F.3d 711 (7th Cir. 2009).

There is no need to go through all that here.  The bottom line is that, regardless of the legal test, Clearwater fails to persuade the Court that abstention is warranted.  That is, even if the Court concluded that the "essence" of this dispute is a declaratory judgment proceeding, and therefore that Wilton governs the abstention evaluation for the entire action, it would still keep jurisdiction over the case.[3]  For purposes of analysis, the Court therefore lets Clearwater off the hook for its failure to demonstrate "exceptional circumstances" — even though a strict reading of Rossi requires the court to apply Colorado River to the legal claims — and instead applies the Wilton test to all claims.

Courts should consider five factors to determine whether abstention under Wilton is appropriate:

> (1) whether the same parties are involved in both cases; (2) whether the claims made in the declaratory judgment action can be adjudicated in the state court action; (3) whether resolution of the declaratory judgment action turns on factual questions that will be litigated in the state court action; (4) whether the issues presented are governed by state or federal law; and (5) what effect the declaratory judgment action is likely to have on potential conflicts of interest between the insurer and the insured.

---

[3] Despite the First Circuit's suggestion that "[the parties] may wish to consider whether continuation of a stayed federal action is worthwhile[,]" at present writing, the monetary claims from Rossi remain stayed, cluttering up this Court's docket. Rossi v. Gemma, 489 F.3d 26, 40 (1st Cir. 2007).  As a result, this Court has first-hand knowledge of the consequences that result from applying the inconsistent standards and remedies of the abstention doctrine.

Standard Fire, 376 F. Supp. 2d at 225 n.8 (citing Employers Mut.
Cas. Co. v. PIC Contractors, Inc., 24 F. Supp. 2d 212, 215
(D.R.I. 1998) and Aetna Cas. & Sur. Co. v. Kelly, 889 F. Supp.
535, 539-40 (D.R.I. 1995)).  These factors "should not be used
as a 'mechanical checklist,' but rather must be carefully
balanced as they apply in a given case."  Standard Fire, 376 F.
Supp. 2d at 225 (citing Petricca v. FDIC, 349 F. Supp. 2d 64, 67
(D. Mass. 2004)).

In this case, the balance of factors leans away from
abstention.  As for the first two factors, it is true that the
same parties and two of the same contracts are involved.  The
claims, however, are more comprehensive in federal court because
of the additional contracts at issue here, and because the
damages claims are absent from the state case.  Because the
state court therefore would not be able to dispose of all
claims, the desirability of avoiding piecemeal legislation
weighs heavily in favor of retaining jurisdiction.  There is
also no inconvenience to the parties to litigate the claims
here; rather, this presents an opportunity to resolve all issues
between the parties in one proceeding.  Moreover, while the
Court may be tempted to say that both the state and federal
forums are adequate to deal with the issues that do appear in

both actions, the state court has already concluded that "the federal forum is the better forum." (See R&R at 2.)

As for the third factor, there are no common factual issues that could be determined by the state court, because each claim will turn on a legal determination of coverage. In this situation, proceeding with the federal lawsuit "is generally appropriate," whereas when common factual questions will also be litigated in the state court, "practicality and wise judicial administration would counsel against proceeding with the [federal] action." Standard Fire, 376 F. Supp. 2d at 227.

Concerning the fourth factor, it is true that state contract law will govern both the legal and declaratory claims. In this case, however, that fact does not necessarily give the state court any advantage over this Court, nor create a greater interest in resolving the claims in Connecticut. While neither party has fully briefed choice-of-law issues, Clearwater does not refute Seaton's allegations that the facts here have little connection to Connecticut, and that it is therefore unlikely that Connecticut law would apply. In addition, Seaton is correct that this Court is capable of addressing facultative reinsurance disputes between ceding companies and reinsurers. See, e.g., Affiliated F.M. Ins. Co. v. Emp'rs Reinsurance Corp., 369 F. Supp. 2d 218 (D.R.I. 2005). Thus, Clearwater has not demonstrated that resolving the state-law issues in this forum

would be "difficult, complex, or otherwise problematic," which would weigh in favor of abstention.  Standard Fire, 376 F. Supp. 2d at 231.

Finally, regarding the fifth factor, the parties do not identify any conflicts of interest, and there is no indication that deciding any of the claims would have an adverse effect on such conflicts if they should arise.

Ultimately, the only consideration that places any significant weight on the abstention side of the scale is the fact that, as Judge Almond noted, Plaintiffs' forum shopping should be discouraged.  That, however, is not enough.  In light of the Wilton / Standard Fire factors discussed above, the circumstances still tilt toward letting all claims proceed in this Court.

V.   Conclusion

For the reasons set forth above, the Court DENIES Defendant Clearwater's objection to the R&R, and therefore DENIES Defendant's Motion to Dismiss or Stay.

 IT IS SO ORDERED:


/s/ *William E. Smith*
William E. Smith
United States District Judge
Date:  September 2, 2010